(No. 4762— 

CHRISTINE KOSKI, A MINOR, STEVEN KOSKI, A MINOR, AND DEBORAH KOSKI, A MINOR, BY CLARENCE L. KOSKI, THEIR FATHER AND NEXT FRIEND, AND CLARENCE L. KOSKI, ADMINISTRATOR OF THE ESTATE OF CATHERINE MAY KOSKI, DECEASED, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 22, 1961.*

JEROME J. NUDELMAN, Attorney for Claimants.

WILLIAM L. GUILD, Attorney General; LESTER SLOTT, Assistant Attorney General, for Respondent.

██

TOLSON, C. J.

On February 25, 1957, claimants by Jerome J. Nudelman, their attorney, filed a complaint seeking an award for the death and the several injuries sustained by claimants due to the alleged negligence of the State of Illinois.

The case was heard by Commissioner George Presbrey on February 9, 1959, and was thereafter reassigned to him for the taking of further testimony, which was completed on April 6, 1960.

It was stipulated at the first hearing that the accident occurred on 87th Street near the intersection of Laurel Avenue, and that 87th Street was under the jurisdiction, control and maintenance of the State of Illinois.

The facts of the case are not in dispute, and are set forth in claimants' brief as follows:

### STATEMENT OF FACTS

"This occurrence took place on May 8, 1955, between one and two o'clock in the afternoon, on 87th Street, a public highway running east and west, at or near its intersection with Laurel Avenue in Cook County, Illinois.

"Claimants lived at 10725 South Calumet Avenue. May 8, 1955 was Mother's Day, and the family was on its way to see a new home that they had hopes of buying. They had left their house at 10725 South Calumet Avenue, and were, just prior to the accident, proceeding west on 87th Street near its intersection with Laurel Avenue.

"The accident happened suddenly and without any warning. The Koskis were driving behind a 1951 Plymouth driven by Catherine McNamara. Miss McNamara had a friend with her, Felicia Wierzbicki, and were returning home after a Sunday of horseback riding.

"Robert F. Michniak was driving his one and one-half ton dump truck east on 87th Street. He had his partner Joseph L. Jakubec, II, with him, and Jakubec's son, Joseph L., III.

"At the intersection of Laurel Avenue, in the eastbound lane of traffic, there was a large rectangular hole and broken portion of pavement, approximately eight feet by four feet, and was approximately four inches in depth. The road itself is a narrow two lane highway suitable for one lane of traffic to proceed easterly and one lane in a westerly direction.

"As Mr. Michniak proceeded easterly, his truck suddenly bumped into the shattered section of the highway, causing the heavy truck to veer to the

left and into the westerly lane of traffic. The truck sideswiped the oncoming 1951 Plymouth of Miss McNamara, and the Plymouth went into the ditch on the south side of the road. The truck now completely out of control collided head on with the 1955 Ford driven by Mr. Koski.

"Two days later Mr. Koski regained consciousness. He was in the Little Company of Mary Hospital in Evergreen Park, Illinois. Mrs. Koski had died immediately after the accident, and, because Mr. Koski was on the critical list, they would not tell him of his wife's death. His three children were injured, and were in a room by themselves. Mr. Koski woke up with a terrible pain in his head, and his entire right leg was in a cast. He had a broken rib, a cracked kneecap, and a broken bone in his right ankle. The upper and lower portion of his lip had stitches taken in them.

"Dr. Eugene F. Dolenheide of 12757 South Western Avenue, Blue Island, Illinois, was the attending physician. Mr. Koski remained in the hospital from May 8, 1955 to May 22, 1955. Two of Mr. Koski's children, Steven and Deborah, were able to come home with him on May 22. Christine remained in the hospital 'till May 28, 1955. Christine's injuries consisted of a broken right leg, head injuries and a concussion. Christine was treated by Dr. Dolenheide and Drs. Spaeth and Sacks while in the hospital. Although she was released from the hospital on May 28, 1955, there was repeated care necessary due to later complications, and this care is still going on. A re-operation was needed and performed by Dr. Gibson at Blang Children's Memorial Hospital in Des Moines, Iowa. This second operation kept her in the hospital longer than a week. She is still quite emotionally upset and nervous.

"Steven, who was seven years old at the time of the accident, suffered a concussion, a fracture to his right wrist and a ruptured spleen. His spleen was removed in an emergency operation after the accident at the Little Company of Mary Hospital. Dr. Dolenheide was in charge with Drs. Spaeth and Sacks in consultation. Steven still evidences signs of the accident in that he repeatedly gets headaches, and finds that he must watch his diet due to the removal of his spleen.

"Deborah, who was three at the time of the accident, was left with scars on her cheek and forehead. The scar on the forehead has turned white, and is approximately two inches by two inches. It is a solid mass. The scar on the right cheek is a linear one, curved and about three inches long. It cannot be determined at this time whether plastic surgery will permanently remove the scars.

"Mr. Koski, as a result of this accident, was not able to work until September of 1955. For a period of thirty months he took a reduction in pay from $500.00 to $420.00 a month. He is now back in management with the Kresge Company. But, it was not until June of 1958 that he was able to regain the position he previously held.

"At the second hearing the testimony for the most part was limited to the medical aspects of the case, and Drs. Robert Meany and Eugene Dolenheide related the nature of the injuries sustained by the several claimants, which will be summarized at the close of this opinion."

Respondent did not offer any evidence in the case other than a Departmental Report, which admitted that an area of pavement had deteriorated in the intersection of Laurel and 87th Street, which measured five feet in width, and extended from the centerline of the pavement to the south edge, a distance of ten feet.

Claimant did not attempt to prove, nor did respondent acknowledge actual notice of the dangerous condition of the highway. If claimants are to recover an award, constructive notice must be established by the evidence in this case.

Mr. Edward Schuda, a deputy sheriff of Cook County, was called to the scene of the accident. He testified to the size and location of the hole in the pavement. He further stated that he traveled this area in the performance of his duties, and that the hole had been in this condition for at least a month.

This Court has held that there cannot be any hard or fast rule in determining when it can be said that the State had "constructive notice" of a dangerous condition, and each case must be decided on its own particular facts. *Visco* vs. *State of Illinois*, 21 C.C.R. 480.

From the evidence, it is apparent that the State did not post warning signs, nor make repairs for the period of a month. This leads to the only conclusion that the State did not use reasonable care to maintain its highway, and must be charged with constructive notice of a dangerous condition.

Claimants were entirely free from contributory negligence, and, as a family, suffered a catastrophic loss, because of the negligence of the State.

Commissioner Presbrey made the following recommendation in his report:

"The funeral expenses of Catherine May Koski, deceased, amounted to the sum of $904.55. In the opinion of this Commissioner, for the wrongful

death of Catherine May Koski, the damages should be assessed at the sum of $7,500.00, the maximum provided by statute at this time.

"Clarence Koski's hospital bills amounted to the sum of $1,278.45. In the opinion of this Commissioner, he should be awarded the sum of $6,000.00 for his expenses, loss of earnings, pain and suffering, and injuries.

"Deborah Koski's medical expenses amounted to the sum of $231.90. For her medical expenses, scarring, pain, and other injuries, she should be awarded the sum of $3,000.00.

"Steven Koski's, age seven at the time of the accident, medical expenses amounted to the sum of $618.25. He should be awarded the sum of $7,500.00 for the fracture of the right wrist, loss of the spleen, pain and suffering caused by said accident.

"Christine Koski's, age four at the time of the accident, medical expenses amounted to the sum of $545.17 as of June 27, 1955, for the fracture of the right femur, pain, suffering, and future medical attention. She should be awarded the sum of $7,500.00."

The Court finds that the Commissioner's conclusions as to liability is in accordance with the evidence, but that his recommendations for awards should be modified in certain instances, as hereinafter set forth.

An award is, therefore, made to Clarence L. Koski, as next friend of Christine Koski, a minor, in the amount of $7,500.00.

An award is, therefore, made to Clarence L. Koski, as next friend of Steven Koski, a minor, in the amount of $3,000.00.

An award is, therefore, made to Clarence L. Koski, as next friend of Deborah Koski, a minor, in the amount of $1,000.00.

An award is, therefore, made to Clarence L. Koski, Administrator of the Estate of Catherine May Koski, deceased, in the amount of $3,500.00.

An award is, therefore, made to Clarence L. Koski, in the amount of $6,000.00.